**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 20-7908**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANTHONY ANDREWS, a/k/a Wheat,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers, II, Chief District Judge.  (7:01-cr-00027-M-1)

―――――――――

Submitted:  July 26, 2022                           Decided:  July 29, 2022

―――――――――

Before MOTZ, KING, and THACKER, Circuit Judges.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――

Anthony Andrews, Appellant Pro Se.  Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Andrews appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  We vacate the district court's order and remand for further proceedings consistent with this opinion.

We review a district court's ruling on a motion for compassionate release for abuse of discretion.  *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).  A district court abuses its discretion when it "acts arbitrarily or irrationally, . . . fails to consider judicially recognized factors constraining its exercise of discretion, . . . relies on erroneous factual or legal premises, or . . . commits an error of law." *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021) (cleaned up).

We briefly recount the procedural history of this case as it is necessary for our disposition.  In 2001, Andrews pled guilty, pursuant to a written plea agreement, to distributing at least five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced Andrews to 162 months of imprisonment and 5 years of supervised release.

After Andrews served his active sentence and was serving his term of supervised release, the probation officer moved to revoke Andrews' supervised release because a grand jury returned an indictment alleging that Andrews conspired to manufacture, distribute, dispense, and possess with intent to distribute Endocet, Methadone, Oxycodone, Oxycontin, and Oxymorphone, in violation of 21 U.S.C. § 846.  The indictment alleging

2

new criminal conduct was filed in a case before District Judge Dever. District Judge Boyle presided over the proceedings related to the revocation of Andrews' supervised release.

Andrews pled guilty before Judge Dever, and Judge Boyle continued the revocation proceedings pending sentencing on Andrews' new conviction. Judge Dever sentenced Andrews to 132 months' imprisonment. Judge Boyle then revoked Andrews' supervised release and imposed a 12-month, consecutive sentence.

Andrews subsequently filed identical motions for compassionate release before Judges Boyle and Dever. Andrews' motions sought relief based on the risk of infection posed by COVID-19. In August 2020, Judge Dever denied the motion filed in his case. We affirmed Judge Dever's order. *United States v. Andrews*, 837 F. App'x 195, 195 (4th Cir. 2021) (No. 20-7329).

After Judge Dever denied his motion, Andrews filed an "addendum" in the case before Judge Boyle; he argued that his sentence on the new criminal charge and his revocation sentence were now aggregated as one sentence by the Bureau of Prisons. Andrews also argued that he would have been subject to a shorter sentence on his 2001 conviction had the changes in interpretation of the career offender Sentencing Guidelines and Section 404 of the First Step Act of 2018 been in effect at that time. Counsel then filed a supplemental memorandum on Andrews' behalf, addressing Andrews' health conditions, his risk of contracting a severe case of COVID-19 and the applicable 18 U.S.C. § 3553(a) factors. While this motion was pending, the district court reassigned Andrews' case from Judge Boyle to Chief District Judge Myers.

3

Judge Myers also denied Andrews' compassionate release motion. He recognized that Andrews filed identical motions in March 2020 before Judges Boyle and Dever. Judge Myers believed that Judge Dever's order denying Andrews' motion was dispositive because the two sentences were aggregated. Accordingly, Judge Myers denied Andrews' motion as moot. Andrews now appeals Judge Myers' order.

On appeal, Andrews focuses heavily on Judge Myers' use of the word moot, contending that Judge Myers believed he did not have the authority to reduce Andrews' sentence. We disagree with this reading of the order. In our view, Judge Myers understood that he could reduce Andrews' sentence, at least as to the 12-month revocation sentence. But in the interest of deferring to Judge Dever, Judge Myers opted not to reconsider Judge Dever's decision on the compassionate release motion. Because the initial motions were identical, we believe that Judge Myers rightfully exercised his discretion to defer to Judge Dever's order.

However, because Judge Dever denied Andrews' motion before Andrews filed his supplement raising a new claim, Judge Dever did not address this new claim, nor did Judge Myers address it in his order. We have held that "district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020) (cleaned up). Thus, Judge Myers could have considered this argument.

We have clarified that a district court need not address every argument raised by a defendant in a compassionate release motion. *High*, 997 F.3d at 187. Instead, "the touchstone must be whether the district court set forth enough to satisfy our court that it

4

has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Id.* at 190 (cleaned up). While we conclude that Judge Myers was not required to analyze Andrews' motion more extensively as it related to COVID-19, we believe he should have addressed Andrews' supplemental filing in which he asserted an additional basis for compassionate release due to changes in the law since his 2001 conviction. *Cf. McCoy*, 981 F.3d at 286 (recognizing district court can consider nonretroactive changes in law in considering whether to grant defendant compassionate release).

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We reject Andrews' request to reassign this case to a different judge on remand. While we grant Andrews' motion for judicial notice, we deny all other pending motions in this case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*